UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 03/18/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 13, 2009, is hereby vacated, and the matter is hereby taken under submission.

**I.    INTRODUCTION**

On November 13, 2008, plaintiff Gallagher Bassett Services, Inc., as subrogee for Redland Insurance Company, filed suit against defendants Ara Aghishian, a Professional Corporation ("the Aghishian Firm"); Ara Aghishian; and Moshe K. Selikovitz, alleging professional negligence. On February 18, 2009, plaintiff Redland Insurance Company ("Redland") filed a first amended complaint ("FAC") substituting itself as plaintiff and real party in interest for Gallagher Bassett Services, Inc.

On March 18, 2009, defendants the Aghishian Firm and Ara Aghishian filed the instant motion to dismiss Redland's FAC pursuant to Fed. R. Civ. P. 12(b)(6). On March 30, 2009, Redland filed its opposition. On April 2, 2009, defendants filed their reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

Redland alleges that in May 2004, Patricia Hall-Davidson, a nurse employed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

Columbine Healthcare System, Inc. ("Columbine"), filed an "Application for Adjudication of Claim" seeking temporary disability compensation naming Columbine and Redland as defendants. FAC ¶¶ 7-8. Redland alleges that when Hall-Davidson filed her application, Columbine was insured by Redland for workers compensation liability. FAC ¶ 9. Redland alleges that it retained the Aghishian Firm to provide competent legal representation and that the Aghishian Firm was to report to Gallagher Bassett Services. Redland alleges that it employed Gallagher Bassett Services to "act for, administer, adjust and pay" Hall-Davidson's claim on Redland's behalf. FAC ¶¶ 10-11. Redland alleges that on November 1, 2006, the Aghishian Firm and Selikovitz entered into a stipulation with Hall-Davidson that obligated Columbine and Redland to pay (1) temporary disability to Hall-Davidson at a rate of $802.00 per week; (2) for Hall-Davidson's neck surgery; and (3) Hall-Davidson's attorneys' fees in the amount of $39,000. Redland alleges that neither the Aghishian Firm, Aghishian, nor Selikovitz obtained authorization, permission, or consent of Redland, Columbine, or Gallagher Bassett Services before entering into the stipulation. FAC ¶ 15. Redland alleges that as a result of defendants' negligence, it was "obligated to pay and payment was made in the amount of $303,311.67 to [Hall-Davidson], and $43,370.14 for [Hall-Davidson's] attorney fees." FAC ¶ 29.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

Defendants argue that the statute of limitations for legal malpractice actions is one year.  Mot. at 6 (citing Cal. Code Civ. P. 340.6(a)).  Defendants contend that Redland's obligation to pay over $300,000 was fixed on December 4, 2007, when their final appeal of the stipulation was denied.  Id. at 7.  Therefore, defendants argue, the one year statute of limitations began to run "no later than December 4, 2007, and expired no later than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

December 4, 2008." Id.

     Defendants further argue that the FAC does not relate back to the filing of the original complaint because Redland and Gallagher Bassett Services do not have an identity of interest in the claims asserted. Mot. at 9. Defendants argue that Gallagher Bassett Services has no interest in this dispute because it did not "suffer any loss as a result of the alleged wrongful acts of defendants." Id. Defendants further argue that legal malpractice claims are not assignable and cannot be subrogated. Id. (citing Musser v. Provencher, 28 Cal. 4th 274, 285 (2002)). Therefore, defendants argue that Redland's claim is barred by the statute of limitations because the FAC was filed on February 18, 2009, and the statute of limitations ran on December 5, 2008. Id.

     Redland responds that there is no dispute that the original complaint was timely filed on November 13, 2008. Opp'n at 2. Redland argues that Gallagher Bassett Services was the nominal plaintiff in the original complaint and that Redland was specifically identified as the real party in interest. Id. Redland contends that its identity of interest with Gallagher Bassett Services is clear from the original complaint, which states that Gallagher Bassett Services was pursuing the matter as a subrogee of Redland. Id. Redland further contends that its FAC relates back to the filing of the original complaint, pursuant to Fed. R. Civ. P. 15(c), because the original complaint and the FAC contain almost identical allegations. Id. at 4. Moreover, Redland argues that the original complaint clearly put defendants on notice of its claims. Id.

     The parties agree that the original complaint was timely filed on November 13, 2008, and that the statute of limitations ran on December 4, 2008. The sole issue to be decided is whether the FAC relates back to the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c), which provides that

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

>    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B). "[T]he purpose of Rule 15(c) is to defeat the bar of statutes of limitations, and is liberally applied especially if no disadvantage will accrue to the opposing party." Rural Fire Protection Co. v. Hepp, 366 F.2d 355, 362 (9th Cir. 1966). This rule is "to be liberally construed" and the "principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party 'by the general fact situation alleged in the original pleading.'" Union Carbide Corp. v. Montell N.V., 944 F. Supp. 1119, 1140 (S.D.N.Y. 1996). An amendment adding or substituting plaintiffs will relate back if there is an "identity of interests" between the plaintiffs. Bowles v. Reade, 198 F.3d 752, 762 (9th Cir. 1999).

   The Court concludes that the original complaint and FAC arose out of the same conduct, transaction or occurrence because the FAC and the original complaint allege the same facts and assert the same claim. Rural Fire Protection, 366 F.2d at 362. Furthermore, Gallagher Bassett Services has a sufficient identity of interest with Redland because (1) Gallagher Bassett Services brought the original complaint as "subrogee" for Redland and stated that Redland was the "real party in interest"; (2) both Redland and Gallagher Bassett Services sought the same relief on behalf of Redland; and (3) the original complaint put defendants on notice that they were defending against a claim for professional negligence arising from their representation of Redland.[1] Bowles v. Reade,

---

[1] The fact that legal malpractice claims are typically not assignable does not alter

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7492-CAS (VBKx) | Date | April 9, 2009 |
|---|---|---|---|
| Title | GALLAGHER BASSETT SERVICES, INC., ETC. v. ARA AGHISHIAN; ET AL. | | |

198 F.3d 752, 762 (9th Cir. 1999).  Moreover, defendants have not demonstrated that allowing the FAC to relate back to the filing of the original complaint will prejudice them.  Reade, 198 F.3d at 762.  Therefore, the FAC relates back to November 13, 2008, and is not barred by the statute of limitations.

**V.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1](...continued)
the Court's conclusion because "[t]he rule against assignability and subrogation of legal malpractice actions . . . should be contained by the context in which the rule arose – that of a third party (including the client's insurer) attempting to succeed to the client's legal malpractice action against the client's former attorney." Musser v. Provencher, 28 Cal. 4th 274, 285 (2002). In the instant case, allowing the FAC to relate back to the filing of the initial complaint does not "encourage commercialization of claims" or force attorneys to defend themselves against persons to whom a duty was never owed. Id. at 286.  On the contrary, allowing the FAC to relate back will require defendants to defend themselves against their client, to whom they owe a duty.